1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    MICHAEL ANGELO VALDEZ,            Case No. 24-cv-06046-JSC

8              Plaintiff,

9         v.                          ORDER OF SERVICE; DENYING
                                      MOTION FOR APPOINTMENT OF
10   HOLLAND, et al.,                 COUNSEL

11             Defendants.            (ECF No. 3)

12

13                                INTRODUCTION

14        Plaintiff, a pretrial detainee at the Martinez Detention Facility ("MDF") in Martinez,

     California,  proceeding without representation by an attorney, filed this civil rights case under 42

15   U.S.C. § 1983 against seven Contra Costa County Sherriff's Deputies at the MDF.  (ECF No. 1 at

16   4-7.)  He is granted leave to proceed in forma pauperis in a separate order.  For the reasons

17   discussed below, the Marshal is ordered to serve Defendants, and Plaintiff's motion for

18   appointment of counsel (ECF No. 3) is denied.

19                             STANDARD OF REVIEW

20        Federal courts must engage in a preliminary screening of cases in which prisoners seek

21   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

22   1915A(a).  The Court must identify actionable claims or dismiss the complaint, or any portion of

23   the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

24   may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

25   § 1915A(b).  Pleadings filed by self-represented litigants must be liberally construed.  *Balistreri v.*

26   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

27        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

28

United States District Court
Northern District of California

1    claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

2    statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

3    which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although to state

4    a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

5    provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a

6    formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must

7    be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*,

8    550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a

9    claim for relief that is plausible on its face."  *Id.* at 570.

10          Under 42 U.S.C. § 1983, a plaintiff may bring claims alleging: (1) that a right secured by

11   the Constitution or laws of the United States was violated, and (2) that the alleged violation was

12   committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

13   **1.      <u>Plaintiff's Claims</u>**

14

15          Plaintiff alleges he has been housed in solitary confinement at MDF since December 2022.

16   (ECF No. 1 at 2.)  He alleges MDF officials found him guilty of assault, battery, and fighting, but

17   he did not receive a hearing or other due process protections.  (*Id.* at 8:15-21.[1])  He alleges

18   officials have not conducted periodic review of his placement in isolation, and have informed him

19   he would remain there as long as he is at the jail.  (*Id.* at 9:9-12.)  He alleges conditions in solitary

20   confinement included feces and urine on walls, doors, phones, and surfaces; loud noise and lights

21   on 24 hours per day; sinks and toilets that did not work; days with no outdoor exercise or limited

22   to 30 minutes; outdoor exercise in small yards with vermin and garbage; foul odors; unwashed

23   clothing; freezing temperatures; and him being exposed to inmates in protective custody that led to

24   a fight.  (*See id.* at 9:1-4; 9:15, 9:22-27; 9:7-10:17; 10:26-28; 11:8-13; 13:4-9.)  He further alleges

25   Defendants were involved in his disciplinary findings, placement and retention in solitary

26   confinement, and denial of his administrative grievances seeking release from, and complaining

27

28   _____

[1] The Court uses the *page* numbers assigned to the document by the ECF system, and the *line* numbers written by Plaintiff by hand on the pages attached to the complaint.

United States District Court
Northern District of California

1  about the conditions in, solitary confinement.

2      Plaintiff makes plausible allegations that, when liberally construed, state a claim that is

3  capable of judicial determination and review that Defendants violated his due process rights.  *See*

4  *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (holding that conditions of confinement violate a

5  pretrial detainee's right to due process when they amount to punishment insofar as they are not

6  reasonably related to a legitimate penological purpose).

7      **2.    Appointment of Counsel**

8      Plaintiff has filed a motion for appointment of counsel.  There is no right to counsel in a

9  civil case such as this.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981).  The

10  decision to request counsel to represent an indigent litigant under § 1915 is within "the sound

11  discretion of the trial court and is granted only in exceptional circumstances."  *Franklin v.*

12  *Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  Plaintiff asserts that without the assistance of

13  another inmate, he would not know how to pursue this case.  This does not constitute exceptional

14  circumstances.  Plaintiff has been able to present his claims effectively, and the issues in this case

15  are thus fare not particularly complex.  To the extent Plaintiff has received assistance from others,

16  he may continue to do so.  Plaintiff's motion for appointment of counsel is DENIED.  Should

17  referral for location of pro bono counsel become necessary at a later time, the Court will issue a

18  referral order on its own; Plaintiff need and shall not request appointment of counsel in this Court

19  again.

20      **CONCLUSION**

21      For the above reasons,

22      1.    The complaint, when liberally construed, states a claim for relief that is capable of

23  judicial determination.  The motion for appointment of counsel is DENIED.

24      2.    The Clerk shall issue a summons and the United States Marshal shall serve, without

25  prepayment of fees, the summons, a copy of the complaint with attachments, and a copy of this

26  order on **Sergeant Holland, Sergeant White, Deputy Harrigan, Deputy Van Kleek, Deputy**

27  **Griffin, Deputy Sotello, and Deputy Hughes at the Contra Costa County Sheriff's Office.**.

28      The Clerk shall also mail a courtesy copy of the first complaint with all attachments and a

copy of this order to the Contra Costa County Counsel's Office.

3.    Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

4.    To expedite the resolution of this case:

a.  No later than **March 18, 2025**, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.  At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **April 17, 2025**.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d.  Defendants shall file a reply brief no later than **May 1, 2025**.

e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

5.    All communications by Plaintiff with the Court must be served on Defendants or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

7.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

4

informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

This order resolves docket number 3.

**IT IS SO ORDERED.**

Dated: December 4, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

1

United States District Court
Northern District of California

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

  If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

  Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.